UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMONE KNOX,

        Plaintiff,

v.

Case No.: 17-10900
Honorable Gershwin A. Drain

BRANDON SCRUGGS, *et al.*,

        Defendants.
_____/

**<u>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#22] OVERRULING DEFENDANTS' OBJECTION [#23], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [#15], DISMISSING DEFENDANTS SCRUGGS, BRADDOCK AND GARRETT IN THEIR OFFICIAL CAPACITIES, DISMISSING OAKLAND COUNTY AND "UNKNOWN SUPERVISOR" IN HIS INDIVIDUAL AND OFFICIAL CAPACITY</u>**

**I.    INTRODUCTION**

Plaintiff, proceeding *pro se*, brought the instant 42 U.S.C. § 1983 action alleging claims against Defendants Scruggs, Braddock, Garrett, and an "Unknown Supervisor" all in their individual and official capacities. Plaintiff also brings his claims against Oakland County and the City of Pontiac. This matter has been referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial purposes pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

Presently before the Court is Magistrate Judge Davis's Report and Recommendation, issued on February 5, 2018. Magistrate Judge Davis recommends that the Court grant in part and deny in part the Oakland County Defendants' Motion to Dismiss, filed on May 22, 2017. On February 13, 2018, Defendants filed their Objection to the Report and Recommendation. Plaintiff filed his Response to their Objection on February 26, 2018.

Plaintiff has failed to file any Objections to the Report and Recommendation, and the time for doing so has expired. *See* E.D. Mich. L.R. 72.1(d) and Fed. R. Civ. P. 72(b)(2).

Upon review of the parties' submissions, the Report and Recommendation and the applicable law, the Court will overrule Defendants' Objection and will accept and adopt Magistrate Judge Davis's February 5, 2018 Report and Recommendation as this Court's factual findings and conclusions of law.

## II. LAW & ANALYSIS

The events giving rise to the instant action occurred on May 8, 2016, during the course of Plaintiff's arrest. Plaintiff claims that Sheriff Deputy Scruggs used excessive force during and after Plaintiff's arrest for domestic violence and assaulting/resisting/obstructing an officer. He further alleges that Sheriff's Deputies

Braddock and Garrett failed to intervene and stop Scruggs unlawful conduct.

As an initial matter, Magistrate Judge Davis correctly concluded that *Heck v. Humphrey* does not bar Plaintiff's claims. *See Carter v. Carter*, No. 14-13502, 2017 U.S. Dist. LEXIS 46301, *8-9 (E.D. Mich. Mar. 29, 2017), rev'd on other grounds, *Carter v. Carter*, No. 17-1448, 2018 U.S. App. LEXIS 6363 (6th Cir. Mar. 15, 2018); *see also Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010).

Magistrate Jude Davis likewise correctly concluded that none of the Sheriff's Deputy Defendants are entitled to qualified immunity.[1] Government officials are not entitled to qualified immunity when their conduct violates an individual's constitutional rights and the rights they have "transgressed" are "clearly established." *See Groh v. Ramirez*, 540 U.S. 551, 563 (2004). Defendants' sole objection to the Report and Recommendation is that Plaintiff's allegations do not amount to a viable failure to intervene claim, thus he has not alleged a violation of the Constitution and they are entitled to qualified immunity.

---

[1] Magistrate Judge Davis is also correct in recommending the dismissal of "Unknown Supervisor" because Plaintiff's Complaint is devoid of any allegations concerning the Unknown Supervisor's personal involvement in the events giving rise to the instant action. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Her recommendation to dismiss Oakland County and the individual Defendants in their official capacities is also appropriate. *See Petty v. Cnty. of Franklin, Oh.*, 478 F.3d 341, 344, 348-50 (6th Cir. 2007).

Contrary to Defendants' argument, Magistrate Judge Davis thoroughly considered and appropriately rejected their assertion that Plaintiff's allegations are insufficient to overcome the "plausibility" standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In his Complaint, Plaintiff alleges that all three Deputy Sheriff's entered the residence and that Scruggs deployed his Taser on Plaintiff's back, apparently causing Plaintiff to lose consciousness. When Plaintiff came to, he was "being kicked in the rib cage by" Scruggs. Defendants continued assertion that Plaintiff has alleged a single kick thereby depriving Braddock and Garrett an opportunity to intervene is simply their attempt to twist Plaintiff's allegations to their own advantage. As noted by Magistrate Judge Davis, to grant qualified immunity at this stage of the proceedings would be premature because it would require this Court to adopt Defendant's version of the events and reject Plaintiff's allegations. *See Mills v. Barnard*, 869 F.3d 473, 487 (6th Cir. 2017). Dismissal under Rule 12(b)(6) is inappropriate as found by Magistrate Judge Davis and the Court will overrule Defendants' objection.

## III. CONCLUSION

For the reasons articulated above, the Court will ADOPT and ACCEPT Magistrate Judge Davis's February 5, 2018 Report and Recommendation [#22] as this Court's factual findings and conclusions of law.

Defendants' Motion to Dismiss [#15] is GRANTED IN PART and DENIED IN PART.

Defendants' Objection [#23] is OVERRULED.

Defendants "Unknown Supervisor" and Oakland County are DISMISSED from this action.

Defendants Scruggs, Braddock and Garrett are DISMISSED in their OFFICIAL CAPACITIES.

SO ORDERED.

Dated: March 30, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Raymone Knox #46439-039, McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O.Box 8000, Bradford, PA 16701 on March 30, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk