UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMONE S. KNOX,

    Plaintiff

v.

BRANDON SCRUGGS, *et al*,

    Defendants.
_____/

Case No. 17-10900

Gershwin A. Drain
United States District Judge

Stephanie Dawkins Davis
United State Magistrate Judge

**REPORT AND RECOMMENDATION
MOTION TO VACATE ORDER GRANTING *IN FORMA
PAUPERIS* AND TO DISMISS THE COMPLAINT (Dkt. 28)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed this *pro se* civil rights action on March 21, 2017, alleging that officers employed by the City of Pontiac[1] and the County of Oakland used excessive force against him during his arrest for domestic violence. (Dkt. 1). On March 22, 2017, the Court granted plaintiff's application to proceed *in forma pauperis* (IFP). (Dkt. 3). On March 23, 2017, this matter was referred to the undersigned for all pretrial proceedings. (Dkt. 6). On April 17, 2018, defendants Brandon Scruggs, Kevin Braddock, and Garrett Gilbert, filed a motion to vacate

---

[1] The City of Pontiac has not been served with the complaint. In response to an Order to Show why this matter should not be dismissed because plaintiff had not provided service information for the City of Pontiac, plaintiff requested to withdraw his claim against the City of Pontiac. (Dkt. 30). Because the undersigned recommends that plaintiff's IFP status be revoked and this matter dismissed, plaintiff's request is moot.

1

the order granting plaintiff IFP status and to dismiss the complaint. (Dkt. 28). Plaintiff filed a response on May 29, 2018. (Dkt. 31). Defendants filed their reply on June 5, 2018. (Dkt. 32). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned recommends that defendants' motion to vacate the order granting *in forma pauperis* status to plaintiff be **GRANTED** and that plaintiff's complaint be **DISMISSED** without prejudice.

## II.   FACTUAL BACKGROUND

Plaintiff brought a § 1983 excessive force lawsuit against Oakland County Sheriff's deputies Scruggs, Braddock and Garrett in their individual and official capacities, an "Unknown Supervisor" in his/her individual and official capacity, and Oakland County and the City of Pontiac. (Dkt. 1, p. 5). Plaintiff alleges (1) an excessive force claim against defendant Scruggs, (2) a failure to intervene claim against defendants Garrett and Braddock, and (3) a failure to adequately supervise claim against the "Unknown Supervisor," Oakland County, and the City of Pontiac. (Dkt. 1, pp. 3 and 6). Plaintiff seeks unspecified "injunctive relief" and money damages. Plaintiff does not allege that he sustained any injuries from the alleged excessive force other than the fact that he "was in fear." (Dkt. 1, p. 6). The undersigned previously recommended that the claims against the "Unknown

Supervisor," the County, and the individual defendants in their official capacities be dismissed, which recommendation was adopted by the District Court. (Dkts. 22, 26). Thus, the claims against the moving defendants in their individual capacities and against the City of Pontiac remain pending. *See* note 1.

Plaintiff alleges that on May 8, 2016, he was spending the night at a home located at 684 Melrose Street in Pontiac MI, when he awoke to "someone kicking or ramming on the front door." He went to the door and saw that it "was nearly off the hinges." Plaintiff "[i]mmediately asked who was kicking on the door." He determined it was "three police officers" (presumably defendants Scruggs, Garrett, and Braddock). One of the deputies answered, "The Police! Open the fucking door!" Plaintiff then "attempted to open the door but could not, due to the damage the officers did to it." (Dkt. 1, Pg ID 3). As plaintiff was trying to open the door, one of the deputies "started ramming on the door again." Plaintiff yelled for them to "stop kicking/ramming on the door." The deputies stopped, and then one of them said "Open the fucking door or you'll be sorry." (Dkt. 1, Pg ID 6). Plaintiff claims that he tried "several times to open the door." *Id*. He "asked the owner of the house, Sonya Jancevski, if there was another door to the house." She told him there was a back door, and that she "was going outside to see what they wanted." *Id*. When she exited the house, Plaintiff "closed the door behind her, and watched [through a window] as she approached the police…" *Id*. He saw that "they

grabbed her and put her in the back of one of the police cars." Plaintiff alleges that the deputies then "entered the house through the back door, without my knowledge." *Id*. Plaintiff's back was toward them when the police entered and he "heard someone yell 'Freeze!'…simultaneously to [Plaintiff] being tased by police officer Brandon Scruggs." *Id*. Plaintiff alleges that he was never given "the opportunity to turn around." *Id*.

According to the complaint, the next thing plaintiff remembers is "waking up, being kicked in the rib cage by police officer, Brandon Scruggs, handcuffed on the floor with a taser prong in my back." *Id*. Plaintiff was then placed under arrest. *Id*. Stemming from this incident, plaintiff pleaded no contest and was convicted of (1) Domestic Violence against Sonya Jancevski (Mich. Comp. Laws § 750.81(2)) and (2) Assaulting/Resisting/ Obstructing a Police Officer (Mich. Comp. Laws § 750.81d(1). (*See* Dkt. 15, Ex. A, Information; Ex. G, Judgment of Sentence).

## III. DISCUSSION

This matter must be dismissed pursuant to 28 U.S.C. § 1915(g) if plaintiff has three or more "strikes," that is, three or more prisoner actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim on which relief can be granted. Section 1915(g) provides in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this

> section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[2] Dismissal is proper "under the provisions of 28 U.S.C. § 1915(g) of the . . . [PLRA], which precludes the filing of in forma pauperis (IFP) civil actions by a prisoner who has had similar petitions dismissed as frivolous on three or more prior occasions." *Wilson v. Yaklich*, 148 F.3d 596, 599 (6th Cir. 1998). The plain language of the statute indicates that a prisoner is barred from *bringing* an action with pauper status if he *previously* had three or more actions dismissed on the grounds stated in § 1915(g). "This 'three strikes' provision of the [PLRA] is not an affirmative defense. It may be raised by a federal court sua sponte." *Bowker v. United States*, 2006 WL 2990519, *3 (N.D. Ohio 2006) (internal citation omitted) (citing *McFadden v. Parpan*, 16 F.Supp.2d 246, 247 (E.D. N.Y. 1998); *Wilson v. 52nd District Court*, 2002 WL 1009561, *1 (E.D. Mich. 2002); *Witzke v. Hiller*, 966 F.Supp. 538, 539 (E.D. Mich. 1997)).

---

[2] There is no allegation that plaintiff is under imminent danger, therefore, that exception to the three strikes rule does not apply in these circumstances. (Dkt. 2).

5

In their motion, defendants argue that, before the filing of this lawsuit, plaintiff filed at least three prior cases that were dismissed for failure to state a claim upon which relief may be granted:

> 1) *Knox v. Correct Care Solutions*, Case No. 16-12683 (E.D. Mich.) (Dismissed Aug. 18, 2016 for failure to state a claim) (Dkt. 28-1, Ex. A).
>
> 2) *Knox v. Donnellon*, Case No. 15-12705 (E.D. Mich.) (Dismissed Oct. 8, 2015 for failure to state a claim) (Dkt. 28-2, Ex. B).
>
> 3) *Knox v. Warren Police Dep't*, Case No. 12-12273 (E.D. Mich.) (Partially dismissed June 12, 2013 for failure to state a claim and totally dismissed on September 25, 2013 for failure to identify John Doe defendants) (Dkt. 28-3, Ex. C and Dkt. 28-4, Ex. D).

Defendants point out that, on July 6, 2017, District Judge Bernard A. Friedman relied on these three cases to issue an opinion and order denying plaintiff's application to proceed *in forma pauperis* and dismissing the complaint in another civil rights lawsuit brought by plaintiff. *See Knox v. Deputy Osborn*, 17-11966 (E.D. Mich. July 6, 2017) (Dkt. 28-5, Ex. E).

In response, plaintiff acknowledges that *Knox v. Donnellon* counts as a strike under the three-strike rule. (Dkt. 31, p. 3). He disputes, however, that *Knox v. Correct Care Solutions* and *Knox v. Warren Police Dep't* should be counted as strikes. Plaintiff maintains that *Knox v. Correct Care Solutions* should not be counted as a strike until he has exhausted or waived all appeals. As defendants

6

point out, however, the same argument that plaintiff makes here was rejected by the United States Supreme Court in *Coleman v. Tollefson*, 135 S.Ct. 1759, 1765 (2015), where it held that "a prisoner who has accumulated three prior qualifying dismissals under §1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." In so holding, the Court explained:

> In our view, the Sixth Circuit majority correctly applied § 1915(g). A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal. That, after all, is what the statute literally says. The "three strikes" provision applies where a prisoner "has, on 3 or more prior occasions . . . brought an action or appeal . . . *that was dismissed on*" certain grounds. §1915(g) (emphasis added). Coleman believes that we should read the statute as if it referred to an "affirmed dismissal," as if it considered a trial court dismissal to be provisional, or as if it meant that a dismissal falls within the statute's scope only when the litigant has no further chance to secure a reversal. But the statute itself says none of these things.

*Id*. at 1763. And, in any event, plaintiff did not appeal the dismissal of his lawsuit in *Knox v. Correct Care Solutions* and the time for doing so has expired. The undersigned agrees with defendants and Judge Friedman that the dismissal in *Knox v. Correct Care Solutions* counts as a strike.

Plaintiff asserts that *Knox v. Warren Police Dep't* should not count a strike because it was dismissed, in part, based on plaintiff's failure to identify John Doe defendants. As Judge Friedman explained: "this case [*Knox v. Warren Police Dep't*] was dismissed for failure to state a claim as to one defendant, and then

7

dismissed in total when plaintiff failed to identify John Doe defendants. A partial dismissal such as this counts as a strike under the three strikes provision." *Id.* (citing *Pointer v. Wilkinson*, 502 F.3d 369, 373 & n. 4 (6th Cir. 2007); *Clemons v Young*, 240 F.Supp.2d 639, 641-42 (E.D. Mich. 2003)). In *Pointer v. Wilkinson*, the Sixth Circuit found that partial dismissals count as "strikes" when the partial dismissal was because the claim was frivolous, malicious, or failed to state a claim and there was no finding of merit for any of the remaining claims that were dismissed. In *Pointer*, the lawsuit was dismissed in part as frivolous and in part without prejudice due to failure to exhaust administrative remedies. The court held that where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because it is frivolous, malicious, or fails to state a claim, then the dismissal should be counted as a strike under 28 U.S.C. § 1915(g). *Pointer*, 502 F.3d at 377; *see also Clemons v. Young*, 240 F.Supp. 2d 639, 641-42 (E.D. Mich. 2003) (Partial dismissal counted as a "strike" because "the entire purpose of § 1915(g) would be subverted if prisoners could skirt its procedural bar merely by appending unexhausted claims to a complaint otherwise subject to summary dismissal on the merits.") (quoted with approval in *Pointer*).

The undersigned agrees with defendants and Judge Friedman that the same reasoning for counting the partial dismissals as strikes in *Clemons* and *Pointer*

applies to the partial dismissal in *Knox v. Warren Police Dep't*. In *Knox v. Warren Police Dep't*, plaintiff's case was partially dismissed for failure to state a claim as to one defendant, and later dismissed in total when plaintiff failed to identify the remaining John Doe defendants. The rationale set forth in *Clemens* seems equally apt here: such a circumstance should count as a strike because the purpose of § 1915(g) would be subverted if a prisoner could skirt its procedural bar by simply adding a "John Doe" to a complaint that is otherwise subject to summary dismissal on the merits. *See Clemens*, *supra*. Case law suggests that a plaintiff may avoid having a prior dismissal counted as a strike where the plaintiff later demonstrates that the portion of the case that was dismissed for non-§ 1915(g) reasons was not frivolous, malicious, or failed to state claim. *See Taylor v. First Med. Mgmt.*, 508 Fed. Appx. 488, 496-97 (6th Cir. 2012) ("[W]hen an action is dismissed in its entirety at least in part for § 1915(g) reasons, the plaintiff subsequently bears the burden of proving that the entire action did not fall under § 1915(g) <u>by showing that claims dismissed without prejudice were not frivolous, malicious, or failed to state a claim. Absent a plaintiff later proving this, the action counts as a strike</u>."). (emphasis supplied). However, plaintiff has made no such showing here, and as the court observed in *Taylor*, "a prisoner should not be given the benefit of the doubt in these circumstances." *Id*. at 496. Thus, the dismissal is properly considered a strike.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned recommends that defendants' motion to vacate the order granting *in forma pauperis* status to plaintiff be **GRANTED** and that plaintiff's complaint be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local

Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 12, 2018            s/Stephanie Dawkins Davis
                                  Stephanie Dawkins Davis
                                  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on October 12, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Raymone Knox, #46439-039, Cherry Health Services, 8333 Townsend St., Detroit, MI 48213.

                                  s/Tammy Hallwood
                                  Case Manager
                                  (810) 341-7887
                                  tammy_hallwood@mied.uscourts.gov